UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. No.  25-10058-NMG |
| v. | Violations: |
| (1)  ENMANUEL PAULA-CABRAL,<br>A/K/A "MANNY," A/K/A "NELFEW,"<br>A/K/A "FEW," A/K/A "GORDO"; | Count One:<br>Conspiracy to Conduct Enterprise<br>Affairs Through a Pattern of<br>Racketeering Activity<br>(18 U.S.C. § 1962(d)) |
| (2)  ERY JORDANI ROSARIO,<br>A/K/A "JORDANI," A/K/A "RACACHA"; | Count Two:<br>Conspiracy to Distribute and<br>Possess with Intent to Distribute<br>Controlled Substances<br>(21 U.S.C. § 846) |
| (3)  ANGEL SANTOS,<br>A/K/A "BIGGIE"; | |
| (5)  JUSTIN ALBA,<br>A/K/A "TUTO," A/K/A "MIMI"; | Count Three:<br>Conspiracy to Distribute and<br>Possess with Intent to Distribute<br>Controlled Substances<br>(21 U.S.C. § 846) |
| (6)  DARWIN BATISTA,<br>A/K/A "PY"; | |
| (7)  KELVIN LIRANZO ROMAN,<br>A/K/A "WHOOPTY"; | Count Four:<br>Distribution of and Possession with<br>Intent to Distribute 50 Grams or<br>More of Methamphetamine; Aiding<br>and Abetting |
| (12) ISRAEL GARCIA VASQUEZ,<br>A/K/A "MENOL," A/K/A "MENOR"; | (21 U.S.C. §§ 841(a)(1) and<br>(b)(1)(A)(viii); 18 U.S.C. § 2) |
| (14) JANOY BATISTA,<br>A/K/A "EL VIEJO"; | |
| (15) YORDALI YORRO,<br>A/K/A "OG LOW"; | Count Five:<br>Distribution of and Possession with<br>Intent to Distribute 50 Grams or<br>More of Methamphetamine; Aiding<br>and Abetting |
| (16) JAMES CABRERA,<br>A/K/A "TRENSITA"; | (21 U.S.C. §§ 841(a)(1) and<br>(b)(1)(A)(viii); 18 U.S.C. § 2) |
| (17) LUIS CRISPIN,<br>A/K/A "YB"; | |
| (18) ANGEL CASTILLO-GARCIA,<br>A/K/A "CHAPPA"; | |

(19) OSVIALIS SERRANO,                )
    A/K/A "OG O," A/K/A "OG PABLO";   )
                                               )

(20) JERVIS ALMANZAR,                 )
    A/K/A "JB";                      )
                                                 )

(21) ENRIQUE DURAN,                   )
    A/K/A "JEFE E";                  )
                                                 )

(22) RIKY MONTILLA,                   )
    A/K/A "RICO";                    )

(23) JEREMY FELIX,                    )
    A/K/A "PEPE," A/K/A "JUAN PEPE"; )

(24) JOSE MARTINEZ,                   )
    A/K/A "J-KILLA";                 )

(25) JAYDEN MUNIZ,                    )
    A/K/A "ANUELITO";                )

(26) GEOVANE FERNANDES,               )
    A/K/A "SPOOKY";                  )

(27) JAHIR DAVILA,                    )
    A/K/A "NANO FINESSE";            )

(28) YANUEL MEJIA,                    )
    A/K/A "NANO PROBLEMA";           )

(29) LUIS FERNANDEZ LOPEZ,            )
    A/K/A "PICHULO";                 )

(30) VICTOR DIAZ,                     )
    A/K/A "MELVIN";                  )

(31) XAVIER PUELLO,                   )
    A/K/A "BODEGA";                  )

(32) JOELFRY CABRERA;                 )

(33) JUSTANE GARCIA,                  )
    A/K/A "JAY BILLZ";               )

(34) ABIGAIL ARIAS,                   )
    A/K/A "BESTIA";                  )

Count Six:
Distribution of and Possession with Intent to Distribute 500 Grams or More of Cocaine; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii); 18 U.S.C. § 2)

RICO Forfeiture Allegation:
(18 U.S.C. § 1963(a))

Drug Forfeiture Allegation:
(21 U.S.C. § 853)

2

(35) RICHARD PENA,                            )
    A/K/A "BLADE";                            )
                                              )
(36) HECTOR MOTA,                             )
    A/K/A "BEBO";                             )
                                              )
(37) JEAN DELGADO,                            )
    A/K/A "NEGRITO";                          )
                                              )
(38) LUIS CABRAL,                             )
    A/K/A "MONO";                             )
                                              )
(39) YOLDARI TEJEDA CORONADO,                 )
    A/K/A "NONOY"; and                        )
                                              )
(40) MARTIN TAVERAS,                          )
    A/K/A "FLEX";                             )
                                              )
          Defendants.                    )

## SUPERSEDING INDICTMENT

### COUNT ONE
Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity
(18 U.S.C. § 1962(d))

The Grand Jury charges:

At all times relevant to this Indictment:

### The Enterprise

1. The Trinitarios (hereinafter, the "TRINITARIOS") was a criminal organization composed primarily of immigrants or descendants of immigrants from the Dominican Republic, with members operating throughout Massachusetts, New Hampshire, New Jersey, New York, and Maine, and elsewhere, including Lawrence, Lynn, Boston, and Haverhill, and various correctional facilities within Massachusetts. The TRINITARIOS was one of the largest criminal organizations in the United States, and was a national and international criminal organization with thousands of members, whose leaders, members, and associates engaged in criminal acts involving murder;

3

robbery; assault; extortion; witness harassment, intimidation, and retaliation; various firearms offenses; laundering of monetary instruments; and the manufacture, importation, and distribution of controlled substances. The TRINITARIOS operated in the District of Massachusetts and elsewhere.

2. The TRINITARIOS was established in 1993 on Rikers Island, the New York City jail. The Enterprise was named for three revolutionaries of the Dominican War of Independence; its slogan was "Dios, patria y libertad" (the official motto of the Dominican Republic, "God, homeland and liberty"). The colors of the TRINITARIOS were lime green, as well as red, blue, and white, which are the colors of the Dominican Republic flag. The preferred weapon of the TRINITARIOS was the machete. The traditional power center of the TRINITARIOS was New York; however, the highest level of the gang's active leadership structure was predominantly located in the Dominican Republic.

3. The TRINITARIOS had a defined organizational structure, which could vary by state. Each state was known to have an identified leader responsible for organizing the TRINITARIOS in that particular state. In Massachusetts, there was a "Supreme," who was the head of all the TRINITARIOS within Massachusetts and was responsible for coordination with other state leaders and the overall leadership within the Dominican Republic.

4. Within each state, and in Massachusetts particularly, the TRINITARIOS were organized into smaller groups referred to as "Chapters." In Massachusetts, there were multiple Chapters, and the Chapters were generally named after the town or city where the Chapter was located. Some of the Chapters identified within Massachusetts included Lawrence, Lynn, Worcester, Boston, and Haverhill. Similarly, groups of TRINITARIOS members who were

4

incarcerated in correctional facilities were organized into Chapters based on where they were detained.

5.    Each Chapter within Massachusetts had leadership positions of "first," "second," "third," and "secretary."  These leadership positions, collectively referred to as "The Cabinet," were responsible for the administration and operations of the TRINITARIOS within their respective Chapter.  These leadership positions were responsible for recruiting new members, providing discipline to members who violated TRINITARIOS directives, and collecting money into a joint account called a "Fundo," which was used to support illegal operations and provide money for incarcerated TRINITARIOS members and their families.  This money was generated through the sale of illegal narcotics and firearms, as well as robberies and other racketeering activities.

6.    To become a member of the TRINITARIOS, a member would be "blessed" in by another leader or senior member of the TRINITARIOS.  TRINITARIOS members used colors, flags, tattoos, and hand signals to demonstrate their membership in the gang both on and off the street, as well as on social media.  TRINITARIOS members would "flash" TRINITARIOS hand signs, with their thumb, index finger, and middle finger extended in recognition of the three principles of "God, homeland and liberty."  TRINITARIOS members also obtained tattoos depicting symbols and numbers that were significant to the group, such as "157," which was symbolic to the first, fifth, and seventh tenets of their "Magna Carta," thought to be the three most important tenets, and the flag of the Dominican Republic.  TRINITARIOS members also wore and used symbolic beaded necklaces bearing the colors of the TRINITARIOS, which signified leadership, membership, or significant accomplishments of the gang member.

7.      TRINITARIOS Chapters may have had separate leaders, chains of command, and areas of operation, but all TRINITARIOS Chapters shared the same structure and core operating principles, such as the need to attack rivals and those who cooperate with law enforcement against the gang.  TRINITARIOS Chapters worked both independently and cooperatively to engage in criminal activity on behalf of the TRINITARIOS enterprise and to assist one another in avoiding detection by law enforcement.

8.      The TRINITARIOS had long standing feuds, or "beef," with rival gangs.  These feuds typically involved rival groups engaging in violent conflicts, driven by territorial disputes, vendettas, drug trade, and power struggles.  The origins of the feuds often traced back to historical tensions, criminal activities, or perceived disrespect amongst the gangs taking place on the street or, more frequently, through social media.  Manifestation of these feuds came in many forms, from rap videos in which rival gangs insulted one another, to assaults, robberies, shootings, and murders.  The TRINITARIOS in Massachusetts received authorizations, referred to as "green lights," from the leadership of the Chapter or the State Supreme to conduct acts of violence, including homicide, against rival gang members and others.  Once a "green light" was given, TRINITARIOS members did not need to obtain specific permission before initiating acts of violence but were required to report such acts afterwards.  A "green light" order against a particular individual or rival gang would stand until it was revoked by leadership.

9.      The Defendants,

      (1)     ENMANUEL PAULA-CABRAL, A/K/A "MANNY," A/K/A "NELFEW," A/K/A "FEW," A/K/A "GORDO";

      (2)     ERY JORDANI ROSARIO, A/K/A "JORDANI," A/K/A "RACACHA";

      (3)     ANGEL SANTOS, A/K/A "BIGGIE";

(5)     JUSTIN ALBA, A/K/A "TUTO," A/K/A "MIMI";

(6)     DARWIN BATISTA, A/K/A "PY";

(7)     KELVIN LIRANZO ROMAN, A/K/A "WHOOPTY";

(12)    ISRAEL GARCIA VASQUEZ, A/K/A "MENOL," A/K/A "MENOR";

(14)    JANOY BATISTA, A/K/A "EL VIEJO";

(15)    YORDALI YORRO, A/K/A "OG LOW";

(16)    JAMES CABRERA, A/K/A "TRENSITA";

(17)    LUIS CRISPIN, A/K/A "YB";

(18)    ANGEL CASTILLO-GARCIA, A/K/A "CHAPPA";

(19)    OSVIALIS SERRANO, A/K/A "OG O," A/K/A "OG PABLO";

(20)    JERVIS ALMANZAR, A/K/A "JB";

(21)    ENRIQUE DURAN, A/K/A "JEFE E";

(22)    RIKY MONTILLA, A/K/A "RICO";

(23)    JEREMY FELIX, A/K/A "PEPE," A/K/A "JUAN PEPE";

(24)    JOSE MARTINEZ, A/K/A "J-KILLA";

(25)    JAYDEN MUNIZ, A/K/A "ANUELITO";

(26)    GEOVANE FERNANDES, A/K/A "SPOOKY";

(27)    JAHIR DAVILA, A/K/A "NANO FINESSE";

(28)    YANUEL MEJIA, A/K/A "NANO PROBLEMA";

(29)    LUIS FERNANDEZ LOPEZ, A/K/A "PICHULO";

(30)    VICTOR DIAZ, A/K/A "MELVIN";

(31)    XAVIER PUELLO, A/K/A "BODEGA";

7

(32)    JOELFRY CABRERA;

(33)    JUSTANE GARCIA, A/K/A "JAY BILLZ";

(34)    ABIGAIL ARIAS, A/K/A "BESTIA";

(35)    RICHARD PENA, A/K/A "BLADE";

(36)    HECTOR MOTA, A/K/A "BEBO";

(37)    JEAN DELGADO, A/K/A "NEGRITO";

(38)    LUIS CABRAL, A/K/A "MONO";

(39)    YOLDARI TEJEDA CORONADO, A/K/A "NONOY"; and

(40)    MARTIN TAVERAS, A/K/A "FLEX";

were leaders, members, and associates of the TRINITARIOS.

10.     The TRINITARIOS, including its leaders, members, and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact. The TRINITARIOS enterprise constituted an ongoing organization whose members functioned as a continuing unit with a common purpose of achieving the objectives of the enterprise. The TRINITARIOS enterprise was engaged in, and its activities affected, interstate and foreign commerce.

Purposes of the Enterprise

11.     The purposes of the TRINITARIOS enterprise included the following:

a.      Promoting and enhancing the prestige, reputation, and position of the enterprise with respect to rival criminal organizations;

b.      Enriching the leaders, members, and associates of the enterprise through, among other things, the illegal manufacturing, distribution, and trafficking of controlled substances;

8

c.     Preserving and protecting the power, territory, and criminal ventures of the enterprise through the use of intimidation, threats of violence, and acts of violence, including murder, attempted murder, and assault;

d.     Creating a climate of fear among victims, potential victims, and community members;

e.     Confronting and retaliating against rival gangs through the use of violence, threats of violence, and intimidation;

f.     Hindering and obstructing efforts of law enforcement to identify, apprehend, and successfully prosecute offending enterprise members; and

g.     Ensuring discipline within the enterprise and compliance with the enterprise's rules by members and associates through threats of violence and acts of violence.

<u>Means and Methods of the Enterprise</u>

12.    Among the means and methods by which the Defendants,

(1)    ENMANUEL PAULA-CABRAL, A/K/A "MANNY," A/K/A "NELFEW," A/K/A "FEW," A/K/A "GORDO";

(2)    ERY JORDANI ROSARIO, A/K/A "JORDANI," A/K/A "RACACHA";

(3)    ANGEL SANTOS, A/K/A "BIGGIE";

(5)    JUSTIN ALBA, A/K/A "TUTO," A/K/A "MIMI";

(6)    DARWIN BATISTA, A/K/A "PY";

(7)    KELVIN LIRANZO ROMAN, A/K/A "WHOOPTY";

(12)   ISRAEL GARCIA VASQUEZ, A/K/A "MENOL," A/K/A "MENOR";

(14)   JANOY BATISTA, A/K/A "EL VIEJO";

9

(15)   YORDALI YORRO, A/K/A "OG LOW";

(16)   JAMES CABRERA, A/K/A "TRENSITA";

(17)   LUIS CRISPIN, A/K/A "YB";

(18)   ANGEL CASTILLO-GARCIA, A/K/A "CHAPPA";

(19)   OSVIALIS SERRANO, A/K/A "OG O," A/K/A "OG PABLO";

(20)   JERVIS ALMANZAR, A/K/A "JB";

(21)   ENRIQUE DURAN, A/K/A "JEFE E";

(22)   RIKY MONTILLA, A/K/A "RICO";

(23)   JEREMY FELIX, A/K/A "PEPE," A/K/A "JUAN PEPE";

(24)   JOSE MARTINEZ, A/K/A "J-KILLA";

(25)   JAYDEN MUNIZ, A/K/A "ANUELITO";

(26)   GEOVANE FERNANDES, A/K/A "SPOOKY";

(27)   JAHIR DAVILA, A/K/A "NANO FINESSE";

(28)   YANUEL MEJIA, A/K/A "NANO PROBLEMA";

(29)   LUIS FERNANDEZ LOPEZ, A/K/A "PICHULO";

(30)   VICTOR DIAZ, A/K/A "MELVIN";

(31)   XAVIER PUELLO, A/K/A "BODEGA";

(32)   JOELFRY CABRERA;

(33)   JUSTANE GARCIA, A/K/A "JAY BILLZ";

(34)   ABIGAIL ARIAS, A/K/A "BESTIA";

(35)   RICHARD PENA, A/K/A "BLADE";

(36)   HECTOR MOTA, A/K/A "BEBO";

(37)   JEAN DELGADO, A/K/A "NEGRITO";

(38)    LUIS CABRAL, A/K/A "MONO";

(39)    YOLDARI TEJEDA CORONADO, A/K/A "NONOY"; and

(40)    MARTIN TAVERAS, A/K/A "FLEX";

and their co-conspirators conducted and participated in the conduct of the affairs of the TRINITARIOS enterprise were the following:

a.    Leaders, members, and associates of the TRINITARIOS used the TRINITARIOS enterprise to commit, attempt to commit, and threaten to commit acts of violence, including murder, attempted murder, and assault, to enhance the enterprise's prestige and protect and expand the enterprise's criminal operations;

b.    Leaders, members, and associates of the TRINITARIOS used the TRINITARIOS enterprise to promote a climate of fear through violence and threats of violence to intimidate and control potential rivals, and to intimidate and silence potential witnesses;

c.    Leaders, members, and associates of the TRINITARIOS followed certain core rules and operating principles and sought to ensure compliance with these rules and principles by other members of the enterprise, including the core operating principles that: (i) members of the enterprise not cooperate with law enforcement; and (ii) members of the enterprise kill members of rival gangs, when authorized by enterprise leadership;

d.    All TRINITARIOS members were expected to commit acts of violence to maintain membership in and discipline within the enterprise, including violence against rival gang members (or those perceived to be rival gang members), as well as members and associates of the TRINITARIOS who violated the rules of the enterprise; and

e.    TRINITARIOS leaders and ranking members had the authority within the gang to order subordinate members to complete tasks or assignments that would serve a purpose for the enterprise.    These tasks included committing violence following the issuance of a "green light," by which the enterprise authorized the shooting and murder of a rival gang member or other individual targeted by the enterprise.

<u>The Racketeering Conspiracy</u>

13.    Beginning on a date unknown to the Grand Jury, but from at least 2016, and continuing until on or about June 4, 2026, at Boston, Haverhill, Lawrence, Lynn, Malden, Methuen, Peabody, Salem, and elsewhere in the District of Massachusetts, the District of New Hampshire, the District of Maine, the District of New Jersey, the Southern District of New York, and at other places presently known and unknown, the Defendants,

(1)    ENMANUEL PAULA-CABRAL, A/K/A "MANNY," A/K/A "NELFEW," A/K/A "FEW," A/K/A "GORDO";

(2)    ERY JORDANI ROSARIO, A/K/A "JORDANI," A/K/A "RACACHA";

(3)    ANGEL SANTOS, A/K/A "BIGGIE";

(5)    JUSTIN ALBA, A/K/A "TUTO," A/K/A "MIMI";

(6)    DARWIN BATISTA, A/K/A "PY";

(7)    KELVIN LIRANZO ROMAN, A/K/A "WHOOPTY";

(12)    ISRAEL GARCIA VASQUEZ, A/K/A "MENOL," A/K/A "MENOR";

(14)    JANOY BATISTA, A/K/A "EL VIEJO";

(15)    YORDALI YORRO, A/K/A "OG LOW";

(16)    JAMES CABRERA, A/K/A "TRENSITA";

(17)    LUIS CRISPIN, A/K/A "YB";

12

(18)   ANGEL CASTILLO-GARCIA, A/K/A "CHAPPA";

(19)   OSVIALIS SERRANO, A/K/A "OG O," A/K/A "OG PABLO";

(20)   JERVIS ALMANZAR, A/K/A "JB";

(21)   ENRIQUE DURAN, A/K/A "JEFE E";

(22)   RIKY MONTILLA, A/K/A "RICO";

(23)   JEREMY FELIX, A/K/A "PEPE," A/K/A "JUAN PEPE";

(24)   JOSE MARTINEZ, A/K/A "J-KILLA";

(25)   JAYDEN MUNIZ, A/K/A "ANUELITO";

(26)   GEOVANE FERNANDES, A/K/A "SPOOKY";

(27)   JAHIR DAVILA, A/K/A "NANO FINESSE";

(28)   YANUEL MEJIA, A/K/A "NANO PROBLEMA";

(29)   LUIS FERNANDEZ LOPEZ, A/K/A "PICHULO";

(30)   VICTOR DIAZ, A/K/A "MELVIN";

(31)   XAVIER PUELLO, A/K/A "BODEGA";

(32)   JOELFRY CABRERA;

(33)   JUSTANE GARCIA, A/K/A "JAY BILLZ";

(34)   ABIGAIL ARIAS, A/K/A "BESTIA";

(35)   RICHARD PENA, A/K/A "BLADE";

(36)   HECTOR MOTA, A/K/A "BEBO";

(37)   JEAN DELGADO, A/K/A "NEGRITO";

(38)   LUIS CABRAL, A/K/A "MONO";

(39)   YOLDARI TEJEDA CORONADO, A/K/A "NONOY"; and

(40)   MARTIN TAVERAS, A/K/A "FLEX";

and others known and unknown to the Grand Jury, being persons employed by and associated with the TRINITARIOS, an enterprise which was engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the TRINITARIOS enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and (5).

14.    The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), through which the Defendants, and others known and unknown to the Grand Jury, agreed to conduct and participate in the conduct of the affairs of the TRINITARIOS enterprise, consisted of:

a.    multiple acts involving murder, chargeable under Massachusetts General Laws, Chapter 265, Section 1 (murder), Section 15 (assault with intent to murder), and Section 18 (armed assault with intent to murder), and Massachusetts General Laws, Chapter 274, Section 2 (aiding and abetting and accessory before the fact to a felony), Section 3 (counseling or procuring of a felony), Section 6 (attempt to commit a crime), Section 7 (conspiracy to commit a crime), and Section 8 (solicitation of a felony);

b.    multiple acts involving robbery, chargeable under Massachusetts General Laws, Chapter 265, Section 17 (armed robbery), Section 18 (armed assault with intent to rob), Section 19 (unarmed robbery), and Section 20 (unarmed assault with intent to rob), and Massachusetts General Laws, Chapter 274, Section 2 (aiding and abetting of a felony and accessory before the fact to a felony), Section 3 (counseling or procuring of a felony),

14

Section 6 (attempt to commit a crime), Section 7 (conspiracy to commit a crime), and Section 8 (solicitation of a felony);

c.　　multiple acts involving kidnapping, chargeable under Massachusetts General Laws, Chapter 265, Section 26 (kidnapping) and Massachusetts General Laws, Chapter 274, Section 2 (aiding and abetting of a felony and accessory before the fact to a felony), Section 3 (counseling or procuring of a felony), Section 6 (attempt to commit a crime), Section 7 (conspiracy to commit a crime), and Section 8 (solicitation of a felony);

d.　　multiple acts indictable under 18 U.S.C. § 659 (relating to felonious theft from interstate shipment);

e.　　multiple acts indictable under 18 U.S.C. § 933 (relating to trafficking in firearms);

f.　　multiple acts indictable under 18 U.S.C. § 1512 (relating to tampering with a witness, victim, or an informant);

g.　　multiple acts indictable under 18 U.S.C. § 1513 (relating to retaliation against a witness, victim, or an informant);

h.　　multiple acts indictable under 18 U.S.C. § 1951 (relating to interference with commerce, robbery, or extortion);

i.　　multiple acts indictable under 18 U.S.C. §§ 2314 and 2315 (relating to interstate transportation of stolen property); and

j.　　multiple offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances, including cocaine, cocaine-base, fentanyl, methamphetamine, heroin, and marijuana, as well as conspiracy to commit the offenses, in violation of 21 U.S.C. §§ 841, 843, and 846.

15.     It was part of the conspiracy that each Defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the TRINITARIOS enterprise.

Notice of Special Sentencing Factors

16.     On or about September 3, 2018, in Lawrence, Massachusetts, in the District of Massachusetts, and elsewhere, the Defendant,

(17)    LUIS CRISPIN, A/K/A "YB,"

and others known and unknown to the Grand Jury, with deliberately premeditated malice aforethought, murdered Jaithian Amador, and aided and abetted the same, in violation of Massachusetts General Laws, Chapter 265, Sections 1 and 2, and Chapter 274, Sections 2 and 3.

17.     On or about February 17, 2022, in Methuen, Massachusetts, in the District of Massachusetts, and elsewhere, the Defendants,

(28)    YANUEL MEJIA, A/K/A "NANO PROBLEMA"; and

(35)    RICHARD PENA, A/K/A "BLADE";

and others known and unknown to the Grand Jury, with deliberately premeditated malice aforethought, murdered Ewdy Lopez, and aided and abetted the same, in violation of Massachusetts General Laws, Chapter 265, Sections 1 and 2, and Chapter 274, Sections 2 and 3.

18.     On or about September 2, 2023, in Lynn, Massachusetts, in the District of Massachusetts, and elsewhere, the Defendants,

(1)     ENMANUEL PAULA-CABRAL, A/K/A "MANNY," A/K/A "NELFEW," A/K/A "FEW," A/K/A "GORDO";

(5)     JUSTIN ALBA, A/K/A "TUTO," A/K/A "MIMI";

(6)     DARWIN BATISTA, A/K/A "PY"; and

(7)     KELVIN LIRANZO ROMAN, A/K/A "WHOOPTY";

and others known and unknown to the Grand Jury, with deliberately premeditated malice aforethought, murdered Jandriel Heredia, and aided and abetted the same, in violation of Massachusetts General Laws, Chapter 265, Sections 1 and 2, and Chapter 274, Sections 2 and 3.

19.    On or about September 2, 2023, in Lynn, Massachusetts, in the District of Massachusetts, and elsewhere, the Defendants,

(1)     ENMANUEL PAULA-CABRAL, A/K/A "MANNY," A/K/A "NELFEW," A/K/A "FEW," A/K/A "GORDO";

(5)     JUSTIN ALBA, A/K/A "TUTO," A/K/A "MIMI";

(6)     DARWIN BATISTA, A/K/A "PY"; and

(7)     KELVIN LIRANZO ROMAN, A/K/A "WHOOPTY";

and others known and unknown to the Grand Jury, with deliberately premeditated malice aforethought, murdered Abraham Diaz, and aided and abetted the same, in violation of Massachusetts General Laws, Chapter 265, Sections 1 and 2, and Chapter 274, Sections 2 and 3.

20.    On or about December 27, 2023, in Lynn, Massachusetts, in the District of Massachusetts, and elsewhere, the Defendants,

(1)     ENMANUEL PAULA-CABRAL, A/K/A "MANNY," A/K/A "NELFEW," A/K/A "FEW," A/K/A "GORDO"; and

(2)     ANGEL SANTOS, A/K/A "BIGGIE";

and others known and unknown to the Grand Jury, with deliberately premeditated malice aforethought, murdered Kyle Mel, and aided and abetted the same, in violation of Massachusetts General Laws, Chapter 265, Sections 1 and 2, and Chapter 274, Sections 2 and 3.

21.    On or about December 27, 2023, in Lynn, Massachusetts, in the District of Massachusetts, and elsewhere, the Defendants,

    (1)       ENMANUEL PAULA-CABRAL, A/K/A "MANNY," A/K/A "NELFEW," A/K/A "FEW," A/K/A "GORDO"; and

    (2)       ANGEL SANTOS, A/K/A "BIGGIE";

and others known and unknown to the Grand Jury, with deliberately premeditated malice aforethought, murdered Isaiah Acevedo, and aided and abetted the same, in violation of Massachusetts General Laws, Chapter 265, Sections 1 and 2, and Chapter 274, Sections 2 and 3.

22.     On or about September 15, 2025, in Lawrence, Massachusetts, in the District of Massachusetts, and elsewhere, the Defendants,

    (35)    RICHARD PENA, A/K/A "BLADE";

    (36)    HECTOR MOTA, A/K/A "BEBO"; and

    (37)    JEAN DELGADO, A/K/A "NEGRITO";

and others known and unknown to the Grand Jury, with deliberately premeditated malice aforethought, murdered Hugo Del Rosario, and aided and abetted the same, in violation of Massachusetts General Laws, Chapter 265, Sections 1 and 2, and Chapter 274, Sections 2 and 3.

All in violation of Title 18, United States Code, Section 1962(d).

18

<u>COUNT TWO</u>
Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances
(21 U.S.C. § 846)

The Grand Jury further charges:

23.     Beginning on a date unknown to the Grand Jury, but from at least 2021, and continuing until on or about February 19, 2025, in the District of Massachusetts, the District of New Hampshire, the District of Maine, and at other places presently known and unknown, the Defendants,

| | | |
|---|---|---|
| (1) | ENMANUEL PAULA-CABRAL, A/K/A "MANNY," A/K/A "NELFEW," A/K/A "FEW," A/K/A "GORDO"; | |
| (2) | ERY JORDANI ROSARIO, A/K/A "JORDANI," A/K/A "RACACHA"; | |
| (3) | ANGEL SANTOS, A/K/A "BIGGIE"; | |
| (12) | ISRAEL GARCIA VASQUEZ, A/K/A "MENOL," A/K/A "MENOR"; and | |
| (14) | JANOY BATISTA, A/K/A "EL VIEJO"; | |

conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

24.     It is further alleged that the offense involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance; a mixture and substance containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance; and a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its

19

isomers, all Schedule II controlled substances.

All in violation of Title 21, United States Code, Section 846.

COUNT THREE
Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances
(21 U.S.C. § 846)

The Grand Jury further charges:

25.    Beginning on a date unknown to the Grand Jury, but from at least 2023, and continuing until on or about June 4, 2026, in the District of Massachusetts, the District of New Hampshire, the District of Maine, and at other places presently known and unknown, the Defendants,

(15)    YORDALI YORRO, A/K/A "OG LOW";

(16)    JAMES CABRERA, A/K/A "TRENSITA";

(24)    JOSE MARTINEZ, A/K/A "J-KILLA"; and

(35)    RICHARD PENA, A/K/A "BLADE";

conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

26.    It is further alleged that the offense involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance; a mixture and substance containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance; and a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, all Schedule II controlled substances.

All in violation of Title 21, United States Code, Section 846.

21

<u>COUNT FOUR</u>
Distribution of and Possession with Intent to Distribute
50 Grams or More of Methamphetamine; Aiding and Abetting
(21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii); 18 U.S.C. § 2)

The Grand Jury further charges:

27.     On or about December 18, 2025, in Lawrence, in the District of Massachusetts, the

Defendant,

(35)    RICHARD PENA, A/K/A "BLADE,"

did knowingly and intentionally distribute and possess with intent to distribute 50 grams or more

of methamphetamine, its salts, isomers, or salts of its isomers, all Schedule II controlled

substances.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii),

and Title 18, United States Code, Section 2.

COUNT FIVE
Distribution of and Possession with Intent to Distribute
50 Grams or More of Methamphetamine; Aiding and Abetting
(21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii); 18 U.S.C. § 2)

The Grand Jury further charges:

28.     On or about April 2, 2026, in Lawrence, in the District of Massachusetts, the

Defendant,

(16)     JAMES CABRERA, A/K/A "TRENSITA,"

did knowingly and intentionally distribute and possess with intent to distribute 50 grams or more

of methamphetamine, its salts, isomers, or salts of its isomers, all Schedule II controlled

substances.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii),

and Title 18, United States Code, Section 2.

23

COUNT SIX
Distribution of and Possession with Intent to Distribute
500 Grams or More of Cocaine; Aiding and Abetting
(21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii); 18 U.S.C. § 2)

The Grand Jury further charges:

29.    On or about April 22, 2026, in Lawrence, in the District of Massachusetts, the

Defendant,

(15)    YORDALI YORRO, A/K/A "OG LOW,"

did knowingly and intentionally distribute and possess with intent to distribute 500 grams or more

of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled

substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(ii), and

Title 18, United States Code, Section 2.

24

<u>RICO FORFEITURE ALLEGATION</u>
(18 U.S.C. § 1963(a))

30.     Upon conviction of the offense in violation of Title 18, United States Code, Section

1962, set forth in Count One, the Defendants,

(1)     ENMANUEL PAULA-CABRAL, A/K/A "MANNY," A/K/A "NELFEW," A/K/A "FEW," A/K/A "GORDO";

(2)     ERY JORDANI ROSARIO, A/K/A "JORDANI," A/K/A "RACACHA";

(3)     ANGEL SANTOS, A/K/A "BIGGIE";

(5)     JUSTIN ALBA, A/K/A "TUTO," A/K/A "MIMI";

(6)     DARWIN BATISTA, A/K/A "PY";

(7)     KELVIN LIRANZO ROMAN, A/K/A "WHOOPTY";

(12)    ISRAEL GARCIA VASQUEZ, A/K/A "MENOL," A/K/A "MENOR";

(14)    JANOY BATISTA, A/K/A "EL VIEJO";

(15)    YORDALI YORRO, A/K/A "OG LOW";

(16)    JAMES CABRERA, A/K/A "TRENSITA";

(17)    LUIS CRISPIN, A/K/A "YB";

(18)    ANGEL CASTILLO-GARCIA, A/K/A "CHAPPA";

(19)    OSVIALIS SERRANO, A/K/A "OG O," A/K/A "OG PABLO";

(20)    JERVIS ALMANZAR, A/K/A "JB";

(21)    ENRIQUE DURAN, A/K/A "JEFE E";

(22)    RIKY MONTILLA, A/K/A "RICO";

(23)    JEREMY FELIX, A/K/A "PEPE," A/K/A "JUAN PEPE";

(24)    JOSE MARTINEZ, A/K/A "J-KILLA";

25

(25)   JAYDEN MUNIZ, A/K/A "ANUELITO";

(26)   GEOVANE FERNANDES, A/K/A "SPOOKY";

(27)   JAHIR DAVILA, A/K/A "NANO FINESSE";

(28)   YANUEL MEJIA, A/K/A "NANO PROBLEMA";

(29)   LUIS FERNANDEZ LOPEZ, A/K/A "PICHULO";

(30)   VICTOR DIAZ, A/K/A "MELVIN";

(31)   XAVIER PUELLO, A/K/A "BODEGA";

(32)   JOELFRY CABRERA;

(33)   JUSTANE GARCIA, A/K/A "JAY BILLZ";

(34)   ABIGAIL ARIAS, A/K/A "BESTIA";

(35)   RICHARD PENA, A/K/A "BLADE";

(36)   HECTOR MOTA, A/K/A "BEBO";

(37)   JEAN DELGADO, A/K/A "NEGRITO";

(38)   LUIS CABRAL, A/K/A "MONO";

(39)   YOLDARI TEJEDA CORONADO, A/K/A "NONOY"; and

(40)   MARTIN TAVERAS, A/K/A "FLEX";

shall forfeit to the United States pursuant to Title 18, United States Code, Section 1963:

a.   any interest acquired or maintained in violation of Title 18, United States Code, Section 1962;

b.   any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

26

     c.  any property constituting, or derived from, any proceeds obtained, directly and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

31.    If any of the property described in Paragraph 30, above, as being forfeitable pursuant to Title 18, United States Code, Section 1963, as a result of any act or omission of the defendant—

     a.  cannot be located upon the exercise of due diligence;

     b.  has been transferred or sold to, or deposited with, a third party;

     c.  has been placed beyond the jurisdiction of the Court;

     d.  has been substantially diminished in value; or

     e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 30 above.

All pursuant to Title 18, United States Code, Section 1963.

DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further finds:

32.     Upon conviction of one or more of the offenses in violation of Title 21, United

States Code, Section 841 and 846, set forth in Counts Two through Six, the defendants,

>     (1)     ENMANUEL PAULA-CABRAL, A/K/A "MANNY," A/K/A
>             "NELFEW," A/K/A "FEW," A/K/A "GORDO";
>
>     (2)     ERY JORDANI ROSARIO, A/K/A "JORDANI," A/K/A
>             "RACACHA";
>
>     (3)     ANGEL SANTOS, A/K/A "BIGGIE";
>
>     (12)    ISRAEL GARCIA VASQUEZ, A/K/A "MENOL," A/K/A
>             "MENOR";
>
>     (14)    JANOY BATISTA, A/K/A "EL VIEJO";
>
>     (15)    YORDALI YORRO, A/K/A "OG LOW";
>
>     (16)    JAMES CABRERA, A/K/A "TRENSITA";
>
>     (24)    JOSE MARTINEZ, A/K/A "J-KILLA"; and
>
>     (35)    RICHARD PENA, A/K/A "BLADE";

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any

property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result

of such offenses; and any property used, or intended to be used, in any manner or part, to

commit, or to facilitate the commission of, such offenses.

33.     If any of the property described in Paragraph 32, above, as being forfeitable

pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the

defendant—

>     a.    cannot be located upon the exercise of due diligence;

28

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendant up to the value of the property described

in Paragraph 32 above.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

**FOREPERSON**

LEAH B. FOLEY
UNITED STATES ATTORNEY

By:

PHILIP A. MALLARD
ASSISTANT UNITED STATES ATTORNEY

District of Massachusetts: _____June 4_____, 2026

Returned into the District Court by the Grand Jurors and filed.

*Aaron Hutchins*

DEPUTY CLERK

29